## BROOKS v. CHAMPLIN REFINING CO.

No. 21102. Opinion Filed Oct. 11, 1932.

A. L. Zinser and Curran, Sturgis & Curran, for plaintiff in error.

Nathan Scarritt and McKeever, Elam & Stewart, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Garfield county in favor of the defendant in error against the plaintiff in error. The parties appear as they appeared in the trial court.

The plaintiff, in her petition in the district court, prayed for an injunction against the defendant to prevent it from completing the construction of an underground water line being constructed to replace an open ditch used to carry waste water from the defendant's refinery to Boggy creek. The open ditch which had been used by the defendant for several years empties into Boggy creek about one-half mile below the plaintiff's residence. The underground line under construction will empty into Boggy creek about 200 yards above the plaintiff's residence. The plaintiff contends that the matter intended to be emptied into Boggy creek through the pipe line will contaminate the water of the creek, pollute the same, cause the same to be injurious and poisonous to live stock and chickens coming into contact therewith, and cause a foul and disagreeable odor which will be injurious to the plaintiff, which will cause her irreparable damage.

The defendant contends that the pipe line under construction is a water line; that the matter to pass through it is neither refuse nor sewage, but water which contains a content which is deodorizing, purifying, and clarifying; that the water in Boggy creek passing through the plaintiff's premises is already contaminated from the disposal plant of the city of Enid to such an extent that the water cannot be used and has not been used for years by the plaintiff or the live stock on her farm, and that the water from the pipe line will tend to deodorize and purify the water which flows in Boggy creek across the land of the plaintiff.

Upon the trial of the cause the prayer for an injunction was denied and the cause was dismissed at the plaintiff's cost. From that judgment the plaintiff appealed.

Much testimony was introduced relative to the condition of the water intended to be run from the defendant's refinery into Boggy creek. The evidence shows that the water from the disposal plant of the city of Enid empties into Boggy creek and flows past the plaintiff's residence, and that it had done so for 20 years.

There is no issue of law before this court. The only question presented is one of fact. Those facts were determined by the trial court. If the judgment of the trial court is not against the clear weight of the evidence, it must be affirmed by this court.

A review of the record discloses that the water in Boggy creek is contaminated by the water from the disposal plant of the city of Enid; that the water from the refinery would tend to neutralize that condition, and that the water in Boggy creek as it flows across the land of the plaintiff would be less injurious after the addition of the water from the defendant's refinery than it now is. We cannot say that the judgment of the trial court is against the clear weight of the evidence, or that the matter intended to be deposited in Boggy creek through the pipe line of the defendant comes within the meaning of the provisions of section 4782, O. S. 1931 (section 6526, C. O. S. 1921.) The plaintiff failed to show irreparable injury, and there was no error in the trial court rendering judgment in favor of the defendant.

The judgment of the trial court is affirmed.

CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (1) 2 R. C. L. 203; R. C. L. Perm. Supp. p. 376; R. C. L. Pocket Part, title "Appeal," § 172.